# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| EDCO ENVIRONMENTAL SERVICES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13-CV-323 JVB |
| | ) | |
| CITY OF CROWN POINT, INDIANA; | ) | |
| COMMERCIAL HEATING & COOLING | ) | |
| INC.; KEITH E. ANDERSON; and | ) | |
| JEANNE M. ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case originated in Lake County Superior/Circuit Court. After Plaintiff EDCO Environmental Services Inc. amended the complaint to allege federal claims, Defendant City of Crown Point ("City") removed it to federal court. Defendants City and Keith E. Anderson, in his civil servant capacity, have filed a motion to dismiss the counts of Plaintiff's complaint directed against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (DE 5).

Keith Anderson, Jeanne Anderson, and Commercial Heating and Cooling ("CHC") have also moved to dismiss all claims against them (DE 13).

### A.     Standard for Evaluating a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." However, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. Id. (citing *Twombly*, 550 U.S. at 556). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.     Plaintiff's Complaint**

The facts as set out in Plaintiff's complaint reveal that Plaintiff is a corporation that provides commercial heating, ventilation, and air conditioning services ("HVAC") in Crown

---

[1] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Point. Defendants Keith and Jeanne Anderson live at 915 Merrillville Road in Crown Point. Defendant Commercial Heating & Cooling Inc. ("CHC") operates its business from that address. The property is zoned residential, but the Andersons have a special use approval from the City Board of Zoning Appeals allowing them to operate an office there. According to Plaintiff, CHC's HVAC operation violates the special use in that it parks and stores commercial vehicles at the property, there is a commercial sized dumpster at the property, and HVAC services and tear-down of equipment take place at the property. Plaintiff also cites several City zoning code violations at the property. Plaintiff claims that the zoning violations give CHC a competitive advantage over Plaintiff's HVAC business. Plaintiff has brought the violations to the attention of the City, but the City has not enforced its zoning code against the Andersons.

In Count I of the complaint, Plaintiff asks for judgment that the Andersons are violating the City zoning code. They ask the Court to issue an injunction requiring the Andersons and CHC to stop all business activity and to require the City to enforces its zoning code.

Count II of the complaint alleges ethical violations, conflict of interest and official misconduct against Keith Anderson. He is, according to the complaint, a "paid volunteer fireman" (Compl., DE 2, ¶ 51) with the City as well a City electrical inspector. Plaintiff had been awarded a contract for HVAC work at the City fire department. Keith Anderson, as City electrical inspector, inspected Plaintiff's work. After his inspection, Keith Anderson, through CHC, performed HVAC Services for the fire department job, which, Plaintiff maintains is a breach of the City's ethics ordinance and state law. Plaintiff asks the Court to enjoin Keith Anderson from inspecting any of its HVAC work in the City and for an award of special damages.

Count III alleges that Keith Anderson defamed Plaintiff in a letter he sent the City regarding his inspection of its work for the fire department.  In Count IV, Plaintiff claims Keith Anderson tortiously interfered with its business relationship with the City's fire department. Count V is against the Andersons and CHC for unfair competiton.

Counts VI and X purport to state claims against Keith Anderson, in his official capacity, and the City, respectively, under 42 U.S.C. § 1983. In its claim against Keith Anderson, Plaintiff alleges that it was his practice to co-mingle his duties as city inspector with his responsibilities to CHC, to defame competitors, and to make intentionally misleading reports to get work from competitors whose work he inspected.  This, according to Plaintiff, had the likely effect of violating its constitutionally protected right to operate a business without unfair competition.  In its § 1983 claim against the City, Plaintiff alleges that the City had a policy and custom of failing and refusing to enforce its ordinance requirements associated with a special use permit and its ethics ordinance.  Plaintiff claims the City inadequately trained its employees on the inspection requirements associated with a special use permit.  Further, it knew or should have known that allowing CHC to operate its business at the Andersons' residence would give that business an unfair competitive advantage and had the likely effect of violating Plaintiff's constitutionally protected right to operate a business without unfair competition.

Counts VII, VIII, and IX allege § 1983 claims against Keith Anderson individually, Jeanne Anderson individually, and Jeanne Anderson "in her official capacity with CHC."  In these Counts Plaintiff alleges that the Andersons willfully violated the terms of their special use permit in order to give CHC an unfair competitive edge over Plaintiff, which resulted in the violation of their constitutional rights.

In Count XI Plaintiff alleges a conspiracy under 42 U.S.C. § 1985(3) among all defendants to deprive it of its right to be free from unfair competition by intentionally disregarding the requirements of the Andersons' special use permit, thereby giving CHC greater business opportunities and eliminating business opportunities for it. In Count XII Plaintiff alleges that all defendants are liable under 42 U.S.C. § 1986 because they had knowledge of the wrongs conspired to be done in violation of § 1985 and had power to prevent or aid in preventing those wrongs but refused to do so.

**(C)  Discussion**

*(1)  Federal Claims*

Title 42 § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

Plaintiff claims that it has a constitutional right to be free of unfair competition and that the City's failure to enforce its ordinances against the Andersons has the effect of giving CHC a competitive advantage. However, it has not identified any source for this alleged constitutional right and the Court has found no authority recognizing such a federal constitutional or statutory right.

In its briefing, Plaintiff claims the lack of enforcement of the City's zoning ordinances against the Andersons amounts to a denial of its right to equal protection of the laws, without developing the argument or citing any authority in support of it. Furthermore, Plaintiff does not allege that it is a member of any protected group. Accordingly, if its equal protection claims survive, it can only be because they are "class of one" equal protection claims. *See Charleston v. Univ. of Ill. at Chi.*, 741 F.3d 769, 775 (7th Cir. 2013).

The Seventh Circuit Court of Appeals has described a class of one equal protection claim as one where a state official has denied an individual the equal protection of the laws by singling out that individual for special treatment. *Id.* In *Charleston*, the court held that in order to state a class of one equal protection claim, the plaintiff must show he was the victim of intentional discrimination at the hands of a state actor and that the state actor lacked a rational basis for so singling out the plaintiff. *Id*.

Plaintiff's equal protection claims must fail because it has not alleged facts to show that the City, in failing to enforce its zoning ordinances against the Andersons, targeted Plaintiff for special treatment. Plaintiff's complaint includes no facts plausibly suggesting that the City's decision not to enforce its zoning ordinances against the Andersons was directed at Plaintiff—that Plaintiff was singled out for intentional discrimination. No doubt there are other HVAC companies doing business in the City that are affected by the City's lack of zoning enforcement against the Andersons in precisely the same way as Plaintiff. The City's failure to prosecute the Andersons for zoning violations no more singles out Plaintiff for discriminatory treatment than a law abiding motorist could be considered to be targeted for discriminatory treatment because the police did not issue a ticket to a speeder.

6

The law on what constitutes a class of one equal protection claim is not well developed. Even though Plaintiff has not specifically argued that its §1983 claims are class of one claims, the Court has searched for case law that supports the notion that the failure to enforce a zoning ordinance against a competitor can be grounds for relief under § 1983 as a denial of equal protection on a class of one theory, but without success. Absent any indication in the decisions of the Supreme Court or the Seventh Circuit that class of one equal protection law should be extended to such a case, this Court declines to do so and finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against any of the Defendants.

Turning to Plaintiff's other federal claims, 42 U.S.C. § 1985(3) provides that anyone "deprived of having and exercising any right or privilege of a citizen of the United States" has a damage action against those who conspire to deprive him of such right. To recover under § 1985(3), a party must establish: (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. To establish "purpose" under prong two, a plaintiff must demonstrate racial, ethnic, or other class-based invidiously discriminatory animus behind the conspirators' actions. *Xiong v. Wagner*, 700 F.3d 282, 297 (7th Cir. 2012). Plaintiff has alleged no class-based discrimination. Assuming that one could also recover under § 1983(3) on a class of one theory of equal protection, as previously discussed, Plaintiff has not stated a claim on that theory either. Accordingly, Plaintiff's claims under § 1985(3) will be dismissed.

Title 42 U.S.C. § 1986 provides a damage remedy against anyone who, "having knowledge of the wrongs conspired to be done" under § 1985 and the power to prevent them,

fails to do so.  Thus, a claim under § 1986 is premised on the violation of § 1985, so that if a plaintiff cannot maintain a claim under § 1985, his § 1986 claim must fail as well.  *Grimes v. Smith*, 776 F.3d 1359, 1363 n. 4 (7th Cir. 1985).  ("[L]iability under § 1986 is derivative of § 1983(3) liability; without a violation of § 1985(3), there can be no violation of § 1986.") Because the Court has determined Plaintiff has no claim under § 1985, its claims under § 1986 must also be dismissed.

Because the Court can envision no way Plaintiff could amend its federal law claims to cure their deficiencies, Plaintiff will not be given leave to amend.

*(2)*     *State Law Claims*

This Court has only supplemental jurisdiction over the remainder of Plaintiff's claims, which arise under state law.  *See* 28 U.S.C. § 1367(a).  A district court may decline to exercise jurisdiction over state law claims when the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Because all Plaintiff's claims arising under federal law are being dismissed, the Court declines to exercise jurisdiction over the state law claims and remands them to state court.

**D.     Conclusion**

For the foregoing reasons, Defendants' motions to dismiss (DE 5 and DE 13) are GRANTED in part.  The Court DISMISSES Counts VI, VII, VIII, IX, X, and XI of Plaintiff's amended complaint with prejudice.  All remaining claims are remanded to Lake Superior/Circuit Court in Cause No. 45D09-1307-PL-84.

SO ORDERED on September 19, 2014.

    s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge